# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

C/A No.: _____

| | |
|---|---|
| SOUTH STATE BANK, N.A., a national banking association, successor by merger to First Federal Bank,<br><br>    Plaintiff,<br><br>v.<br><br>STEPHEN A. DIMARCO, an individual,<br><br>    Defendant. | 3:21-cv-00506-MGL<br><br>**VERIFIED COMPLAINT** |

Plaintiff, South State Bank, N.A., a national banking association, successor by merger to First Federal Bank ("Plaintiff" or "South State") states as follows for its Complaint against Defendant, Stephen A. DiMarco, an individual ("Defendant" or "DiMarco"):

## JURISDICTION AND VENUE

1.  This case is within the admiralty and maritime jurisdiction of this Court pursuant to the meaning of the Rule 9(h) of the Federal Rules of Civil Procedure, and the Supplemental Rules for Admiralty and Maritime Claims.

2.  This Court has original jurisdiction over any "civil case of admiralty or maritime jurisdiction," 28 U.S.C. § 1333. This Court also has original jurisdiction over civil actions brought to enforce a claim for the outstanding indebtedness secured by the mortgaged vessel against the mortgagor and/or guarantor for the amount of the outstanding indebtedness. 46 U.S.C. §31304; 46 U.S.C. §31325. Thus, this Court has original jurisdiction over this case.

3.  Moreover, diversity jurisdiction exists because there is complete diversity between all named plaintiffs and all named defendants; no defendant is a citizen of the forum

state; and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

4. Venue in this action is properly found in this Court and division pursuant to 28 U.S.C. § 1391(b) and Local Rule 3.01(A)(2) because the Loan Documents (as that term is defined below) were accepted in South Carolina, the payments that Defendant failed to make under the Loan Documents were to be made in South Carolina, and because Plaintiff does business relating to the events alleged in Columbia, South Carolina.

## THE PARTIES

5. Plaintiff South State is a national banking association operating, *inter alia*, throughout South Carolina.

6. Defendant DiMarco is an individual domiciled in Connecticut, who is or was the owner of that certain 2005 Sunseeker International Ltd Predator 69'6" vessel bearing Hull Number XSK02924H405, Official Number 1165637, with twin Man diesel engines bearing serial numbers 7010715149A201 and 7010715150A201, respectively (collectively, the "Vessel") as more particularly described herein.

## FACTUAL ALLEGATIONS

7. On October 19, 2012, Defendant, as borrower, executed and delivered to First Federal Bank (Plaintiff's predecessor-in-interest), as lender, that certain Marine Note, Disclosure and Security Agreement in the original principal amount of $750,000.00 (the "Note"). The Note requires Defendant to, among other things, make regular monthly payments to the holder of the Note, as set forth more particularly therein. A true and correct copy of the Note is attached hereto and incorporated by reference herein as **Exhibit A**.

8. By and through the Note, in order to secure repayment of the loan evidenced thereby, Defendant granted to First Federal Bank a security interest in the Vessel, as more particularly described in the Note.

9. In addition to the protection given under the Note, on or about October 19, 2012, Defendant executed and delivered to First Federal Bank that certain First Preferred Ship Mortgage (the "Mortgage"), which further granted a security interest in the Vessel. First Federal Bank perfected its security interest in the Vessel by causing the Mortgage to be recorded with the United States Coast Guard National Vessel Documentation Center on or about October 29, 2012 as Batch #5480100, Doc. #26. A true and correct copy of the Mortgage is attached hereto and incorporated by reference herein as **Exhibit B**.

10. Plaintiff South State is the successor by merger to First Federal Bank. Accordingly, Plaintiff South State owns and holds the Note and the Mortgage, as well as any and all documents relating thereto (collectively, the "Loan Documents").

11. South State has standing to enforce the terms of the Loan Documents.

12. Defendant defaulted under the Loan Documents by failing to timely make required monthly payments when due.

13. Defendant further defaulted under the Loan Documents by allowing the Vessel to be detained and seized upon by the governmental authorities of St. Maarten.

14. Such failures and actions on the part of Defendant constitute a default under the Loan Documents.

15. The Loan Documents provide that in the event of such default, Plaintiff may, among other things, require the unpaid balance of the Note, including interest and other charges and fees, to be paid immediately.

16. The Loan Documents further provide that, in the event that Plaintiff sells the Vessel, it shall be entitled to collect any deficiency from Defendant.

17. On or about December 21, 2020, without any obligation to do so, Plaintiff sent a demand letter ("Demand Letter") to the Defendant demanding payment of the full amounts due under the Loan Documents on or before December 31, 2020. A true and correct copy of the Demand Letter is attached hereto and incorporated by reference herein as **Exhibit C**.

18. Defendant further defaulted under the terms of the Loan Documents by failing to pay amounts owed to Plaintiff by December 31, 2020.

19. To the extent necessary, Plaintiff hereby once more declares the full amounts owed under the Loan Documents to be immediately due and payable.

20. The Loan Documents provide that Defendant shall pay attorneys' fees and costs incurred by Plaintiff in connection with its enforcement of the Loan Documents. Plaintiff is furthermore entitled to an award of its attorneys' fees and costs pursuant to, *inter alia*, 46 U.S.C. §31304.

21. Plaintiff has employed the law firm of Akerman LLP to represent its interests herein and has become obligated to pay its attorneys a reasonable fee for their services.

22. Plaintiff realleges and incorporated by reference the preceding paragraphs as if fully set forth herein.

23. Plaintiff has performed all conditions precedent to bringing this action, or any such conditions precedent have been waived by Defendant.

24. For good and valuable consideration, Defendant executed the Loan Documents and agreed to adhere to the terms and conditions set forth therein.

25. Plaintiff owns and holds the Loan Documents.

26. Defendant has breached the Loan Documents in the manner set forth above and failed to cure his defaults despite notice and opportunity to do so.

27. The full amounts owed under the Loan Documents are immediately due and payable.

28. Plaintiff has been damaged by Defendant's breach of the Loan Documents.

29. As of February 11, 2021, Plaintiff is owed $475,913.13 under the Loan Documents, which includes a principal balance equal to $449,874.46, accrued and unpaid interest of $23,044.82 (may not include all default interest), and late charges and other fees collectible under the terms of the Loan Documents in the amount of $2,993.85. Additionally, attorneys' fees, costs, and interest at the rate of $61.50 per day continue to accrue.

## PRAYER FOR RELIEF

WHEREFORE, having complained of the Defendant, Plaintiff, South State Bank, N.A., a national banking association, successor by merger to First Federal Bank, prays the Court as follows:

1. For judgment against Defendant in the principal amount of $449,874.46, together with accrued and unpaid interest as of February 11, 2021 of $23,044.82, late charges and other fees collectible under the terms of the Loan Documents in the amount of $2,993.85, and additional pre-judgment interest at the rate of $61.50 per diem from February 12, 2021 through the date of judgment;

2. For an award of Plaintiff's collection costs, including attorneys' fees and costs, incurred in prosecuting this action as provided by the Loan Documents and applicable law;

3. For an award of such other interest and amounts due under the Loan Documents and applicable law;

4.      For an award of post-judgment interest; and

5.      For such other relief as this Court deems just and proper.

          AKERMAN LLP

          */s/ Steven C. Hemric*
          Steven C. Hemric
          Fed. ID No. 13221
          Email: steven.hemric@akerman.com
          100 North Main, Suite 2425
          Winston-Salem, NC 27101
          Telephone: (336) 296-7100
          Facsimile: (336) 296-7010

          and

          Christian P. George
          *Pro Hac Vice Application Forthcoming*
          Email: christian.george@akerman.com
          Secondary email: susan.scott@akerman.com
          Secondary email: jennifer.meehan@akerman.com
          Secondary email: jay.harrington@akerman.com
          50 N. Laura St., Suite 3100
          Jacksonville, Florida 32202
          Telephone: (904) 798-3700
          Facsimile: (904) 798-3730

February 17, 2021
Winston-Salem, North Carolina

56471393;3